George G. BRAZELTON and Roy Rodgers, Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Jan. 14, 1974.

**8**

Herbert R. Rich and Philip M. Carden, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Arnold Peebles, Jr., Asst. Dist. Atty. Gen., Nashville, for defendant in error.

RUSSELL, Judge.

## OPINION

George G. Brazelton and Roy Rodgers were jointly indicted in a four-count indictment charging possession of certain obscene magazines for purposes of sale (three counts) and exhibiting a "peep show" (fourth count), as proscribed by T.C.A. § 39–3003. They were found guilty under each of the first three counts, and each was fined $5,000.00 on each count and sentenced to one day in jail on each count.

Although the offenses charged are only misdemeanors, this trial was protracted and sharply contested. A full day was necessary to select a jury. Five full days, including some late hours, were required for the trial. The jury was sequestered by the Court on its own motion after the first night. Eighty-one grounds are included in the motion for a new trial. Thirty-four assignments of error are urged upon this appeal, and none can be said to be frivolous. The bill of exceptions consists of eight volumes.

The cases have been compressed a bit by the State's concession that the three counts really embrace only one offense, and the State only insists upon affirmance of one $5,000.00 fine and one day in jail as to each defendant.

The defendants were clerks in an adult book store. An assistant district attorney general and an investigator from that office went to the store, viewed a peep show, and purchased three illustrated magazines. One defendant took their money, while the other put the purchases into a paper bag. Each of the magazines became the foundation for a separate charge, as was exhibiting the peep show. (This latter charge, which could not be supported by the peep show film, which had not been seized, was testified to by the investigator who viewed it, and not abandoned by the State until jury argument, after which a directed verdict of not guilty as to that count was entered.)

■ The three magazines involved presented a jury issue as to their obscenity. We have recently held, in the case of *Ralph Mitchum v. State*, filed in Jackson on November 20, 1973, that:

"We are of the opinion that it is the depiction or description of sexual conduct that our statutes were clearly designed to apply to, and that the two specific examples given by the Court in *Miller* of what a state could define for regulation are simply the obvious examples of obscenity that immediately come to mind. In fact, the examples seem to cover the subject rather completely. We hold that implicit in the statutory definition of obscenity set out in T.C.A. § 39–3007 is that it applies only to the depiction or description of sexual conduct; and that included in the statutory definition the trier of fact may find to be obscene (a) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, and (b) patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals."

The publications herein found to be obscene could be said to depict, inter alia, lewd exhibitions of the genitals.

■ These convictions must be reversed, however, because of the tactics and arguments employed by the Assistant District Attorney General. A false and irrelevant issue was deliberately injected into these cases. These defendants were employed by a company (apparently a corporation) by the name of International News. Both defendants worked in the store only a relatively short time, and neither was employed there at the time of trial. Throughout the trial a deliberate attempt was made to convey to the jury that the real party in interest was not these defendants, so much as it was some phantom corporation. The whole approach attained its ultimate honesty, and became clearly reversible error, when the prosecuting attorney was permitted to argue, over objection, as follows:

"You know, the thing that keeps on occurring to me is that there are really not just these two defendants on trial in this case. These magazines and this corporation are really on trial in this case, but there is really only one way that you can punish that—that mysterious element in our community, and I say that's with a fine just like in Memphis. I'm asking for a five thousand dollar fine.

"As to these two defendants, they were just employees in that store. * * * I don't think, in view of all the facts and circumstances, that they should be sentenced to lengthy sentences. * * * I ask you for the maximum fine per count.

" * * * The matter of confinement as to these two men is up to your own best judgment. They are just employees. But I am asking you to shoot the overhead of that corporation up about fifteen thousand dollars."

\*       \*       \*       \*       \*       \*

" * * * What kind of business is this? Who is flooding the community with this stuff? I'm not trying to get you enraged, I want to know. And he's so careful to protect that client that owns five book stores in this town. And he accuses me of chicanery?"

The argument was there interrupted by defense counsel, Mr. Rich, with this objection and statement:

"Your Honor, I honestly apologize to General Peebles, but this business about a third defendant, I only represent these two men * * * and I wish they would stop referring to some other defendant. There is no other defendant."

The Court then ruled:

"Members of the jury, that is just the theory of the prosecutor in this case. The two defendants that are on trial are the defendants Brazelton and Rodgers. General Peebles is just expounding his theory to you. You will determine the facts in the case."

The jury returned a verdict of the maximum fine on each count as to each defendant; but set a jail sentence of only one day per count, and recommended the suspension

of that. It seems obvious that the prosecuting attorney convinced the jury that some corporation would have to pay any fines levied. Such an argument was not legitimate theory for presenting to the jury in this case, and clearly calls for reversal. Its prejudicial effect cannot be hidden in the context of this record; nor can the error be said to go to punishment alone, as a desire to punish the non-party corporation could have influenced the finding of guilt itself. The jury certainly didn't seem to want to punish the two defendants, even recommending that one day sentences be suspended; and might well have found them not guilty upon a proper trial.

We reverse and remand the case for a new trial upon a single charge of possessing obscene material for purpose of sale, as set out in the first three counts of the indictment.

All other assignments of error have been carefully considered. Assignment number twelve goes to the dismissal for cause of certain jurors who expressed disagreement with the law. Upon retrial, should a similar question come up, it should be determined that the juror cannot or will not follow the law (regardless of disagreement with it) before he or she is disqualified.

Assignment number twenty-one complains that the reading of the publications was left to the jury to do out-of-court, in the jury room, under the supervision of jury officers, but with parties and counsel excluded. The learned trial judge, who made a commendable effort to conduct a fair and proper trial under what were difficult circumstances at times, felt that the jury should not be required to view and read the allegedly obscene material in open court. While this motive is both commendable and understandable, the very fact that this key evidence was presented in this unique fashion could not but be a pre-judgment of its nature, and could have so influenced the jurors. We hold that it should have been introduced into the record just as any other evidence consisting of writings and/or pictures, absent an agreement to let the jurors read and view the material for themselves privately in the jury room.

Assignment of error number twenty-eight, directed at certain comments of the prosecuting attorney which seemed to be calculated to cause the jury to be influenced by the defendant's not taking the stand, is sustained.

All other assignments of error are overruled. The case is reversed and remanded for a new trial, consistent with this opinion.

OLIVER, J., concurs.

MITCHELL, J., dissents.

MITCHELL, Judge, dissenting.

Judge William S. Russell has prepared an excellent opinion in this case, concurred in by Judge W. Wayne Oliver, reversing the judgment and ordering a new trial.

I am unable to agree that the judgment should be reversed. Therefore I respectfully dissent.

I agree that error was committed in that the Trial Judge allowed the District Attorney to indulge in prejudicial argument to the jury. It was also error for the Trial Judge to allow the members of the jury to take with them into the jury room for examination out of the presence of the Court, counsel and the defendants, certain of the exhibits filed in the evidence.

There was, in my opinion, abundant evidence of the guilt of the defendants. I am of the opinion that the material shown to have been possessed and sold by the defendants was obscene within the meaning of the statutes.

I would hold that the errors committed in the trial did not affect the result and that they can be treated as harmless under T.C.A. 27–117.

I would affirm the judgment on one single charge of possessing obscene material for the purpose of sale.